IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSE MANUEL ALBARRAN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-479-O |
| | § | (NO. 4:17-CR-056-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Jose Manuel Albarran, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:17-CR-056-O, styled "United States v. Pedro Reza, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On April 12, 2017, movant was named with others in a one-count indictment charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. CR Doc.[1] 20. On April 19, 2017, movant entered a plea of not guilty. CR Doc. 26. He later decided to plead guilty. He and his attorney signed a factual resume setting forth the penalties he faced, the elements of the offense, and the stipulated facts establishing that he had committed the offense. CR Doc. 27. They also signed a

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-056-O.

consent to administration of guilty plea and allocution by a United States Magistrate Judge. CR Doc. 35. On May 17, 2017, movant and his counsel appeared before the Magistrate Judge to enter his plea of guilty. CR Doc. 33. The Magistrate Judge issued a report finding that the plea was knowing and voluntary and recommending that the plea be accepted. CR Doc. 38. Movant did not object and the Court accepted the report and recommendation. CR Doc. 45.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 30. CR Doc. 50, ¶ 27. He received a two-level enhancement for possession of a firearm. *Id.* ¶ 28. He received a two-level and a one-level decrease for acceptance of responsibility. *Id.* ¶¶ 35, 36. Based on a total offense level of 29 and a criminal history category of I, movant's guideline imprisonment range was 87 to 108 months. *Id.* ¶ 73. Movant filed objections, primarily objecting to the quantity of drugs attributed to him and the enhancement for the firearm. CR Doc. 56. The probation officer prepared an addendum to the PSR rejecting the objections. CR Doc. 60.

Movant was sentenced to a term of imprisonment of 87 months. CR Doc. 93. He appealed, CR Doc. 101, and the judgment was affirmed. *United States v. Albarran*, 728 F. App'x 384 (5th Cir. 2018).

## II. GROUNDS OF THE MOTION

Movant asserts four grounds in support of his motion, worded as follows:

GROUND ONE: THE DISTRICT COURT ERRED IN ADOPTING THE PRS'S CALCULATION OF BASE OFFENSE LEVEL UNDER U.S.S.G. 2D1.1(c)(5) BASED ON 8 KILOGRAMS COCAINE.

Doc.[2] 1 at PageID[3] 6.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.
[3] The "PageID __" reference is to the page number assigned by the Court's electronic filing system and is used because the printed numbers on the form used by movant are not the actual page numbers.

> GROUND TWO: DISTRICT COURT ERRED IN ADOPTING THE FINDINGS AND CONCLUSIONS OF PSR AND ADDING @ OFFENSE LEVELS UNDER 2D1.1(b)(1).

*Id.* at PageID 7.

> GROUND THREE: INEFFECTIVE COUNSEL FAILED TO CONDUCT PRE SENTENCE INVESTIGATION, AND PRESENT EVIDENCE AGAINST THE DRUG QUANTITY AND FIREARM ENHANCEMENT.

*Id.* at PageID 8.

> GROUND FOUR: petitioners [sic] 87 month sentence is unreasonable in light of 18 USC 3553 and because the drug quantity and firearm enhancements should not have been applied.

*Id.* at PageID 10.

In the place for supporting facts in support of each ground, movant refers to an attached addendum, which was not, in fact, attached. The matter was brought to movant's attention in the government's response to the motion. Doc. 9 at 4. Movant did not file a reply.

### III. APPLICABLE LEGAL STANDARDS

#### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant

4

must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

As the government points out, movant's grounds are wholly conclusory and insufficient to support any relief. Doc. 9 at 4–5. *Miller*, 200 F.3d at 282; *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). He has not made any attempt to overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. His first, second, and fourth grounds were raised on appeal and rejected. *Albarran*, 728 F. App'x at 384–85. They cannot be raised here. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *Moore*, 598 F.2d at 441. And, application of the sentencing guidelines does not present a cognizable issue under § 2255. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 21st day of January, 2021.

Reed O'Connor
UNITED STATES DISTRICT JUDGE